Dear Senator Dyer:
This letter is in response to your question asking whether a former member of the Board of Equalization of St. Charles County, Missouri, a first class county, who served on the Board during the year of 1984, is prohibited from assisting or rendering services to the board for compensation as a special counsel assigned by the County Counselor of St. Charles County on such legal issues as county-wide reassessment or other matters coming before that board under Section 105.462.1(3), RSMo 1978.
Section 105.462.1(3), RSMo 1978, relates to a prohibition on former board members from performing for one year "after termination of his employment any service for compensation for any person, firm or corporation to influence the decision or action of the agency with which he served as a member; provided, however, that he may, after termination of his office or employment, perform such service for consideration in any adversary proceeding or in the preparation or filing of any public document or conference thereon unless he participated directly in that matter or in the receipt or analysis of that document while he was serving as a member."
The prohibition in that statute does not apply to the hiring by the County Counselor of a former member of the Board of Equalization of St. Charles County to serve as an attorney for that board. The prohibition appears to relate to a former board member being hired by a third party or firm or corporation in an effort to appear before that board and influence a decision or action of the board within one year after the termination of his previous service with the board. Essentially we do not believe that the provision is applicable to the circumstances which you describe. We further believe that this prohibition does not apply with regard to appeals by taxpayers which would come before the Board of Equalization under the specific circumstances in your inquiry.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General